RECEIVED
MAR 17 2014
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DONALD MITCHELL | CIVIL ACTION NO. 10-1240 |
| -vs- | JUDGE DRELL |
| WEYERHAEUSER CO. | MAGISTRATE JUDGE KIRK |

### RULING

Pending before the Court are a "Second Motion for Summary Judgment and Other Relief" (Doc. 109) and a "Motion to Strike Plaintiff's Ex Parte Supplementation of Objections in Pretrial Stipulations" (Doc. 89), both filed by Defendant, Weyerhaeuser NR Company ("Weyerhaeuser"). All responses have been submitted, and the matters are ready for disposition. For the following reasons, the Motion for Summary Judgment will be granted, such that the case will be dismissed with prejudice, and the Motion to Strike will be denied as moot.

I.  **Background**

On August 4, 2010, Donald Mitchell filed a Complaint (Doc. 1) alleging Weyerhaeuser violated Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. § 2000(e), *et seq.* ("Title VII"), 42 U.S.C. § 1981, and La. R.S. § 23:301, *et seq.* Specifically, Plaintiff, an African-American male, claims

he was the subject of employment discrimination, harassment, and retaliation in violation of the aforementioned statutes.

Mr. Mitchell began his employment with Weyerhaeuser sometime in 1995 or 1996 at Defendant's plant located in Natchitoches, Louisiana ("the Natchitoches plant").[1] In October of 2008, Plaintiff sent an anonymous letter ("the letter") to Weyerhaeuser Vice President, Cathy Slater ("Ms. Slater"). (Doc. 32, Exhibit M-2 attached to Exhibit B). The letter reported "unprofessional, intimidating and bulling [sic] outbursts" by Steve Story ("Mr. Story"), the Natchitoches plant manager. Ms. Slater initiated an investigation at the Natchitoches plant in response to the letter in November of 2008. Mr. Story wrote a negative performance evaluation for Plaintiff in December of that year, and Mr. Mitchell was terminated shortly thereafter in February of 2009.

Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on February 10, 2009 (Doc. 1 at 7, ¶ 23) on the basis of retaliation and race discrimination (Doc. 32-4, Exhibit 41). He received a notice of right to sue on May 24, 2009, and the present suit followed. (Doc. 1 at 7, ¶ 24; Doc. 31-1 at 21). The Court granted Weyerhaeuser's first summary judgment motion (Doc. 31), leaving only Mr. Mitchell's retaliation claims extant. (Docs. 60 and 61).

---

[1] Plaintiff's employment start date is unclear from the record, but he was initially hired by Trus Joist Corporation, which was subsequently acquired by Weyerhaeuser. Mr. Mitchell was eventually promoted to graveyard shift press supervisor and maintained that position until his termination on February 5, 2009.

In an unrelated case, the Supreme Court later abrogated certain Fifth Circuit jurisprudence regarding a plaintiff's burden of proof for a Title VII retaliation claim. Specifically, Justice Kennedy, writing for the majority, determined a plaintiff making a retaliation claim under 42 U.S.C. § 2000(e)–3(a) "must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer." University of Texas Southwestern Medical Center v. Nassar, 133 S.Ct. 2517, 2534 (2013). In light of this decision, we reconsidered Plaintiff's retaliation claim under Title VII *sua sponte* and found the undisputed facts demonstrated Mr. Mitchell was unable to meet this heightened causation standard. Thus, Plaintiff's Title VII retaliation claim was dismissed with prejudice on July 16, 2013. (Docs. 106 and 107).

Therefore, the sole matter remaining in dispute is Mr. Mitchell's retaliation claim under 42 U.S.C. § 1981, which is the subject of the motion for summary judgment currently at issue.

II. **Law and Analysis**

　　A.　**Motion for Summary Judgment Legal Standard**

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We consider all "evidence in the light most favorable to the party

resisting the motion." Trevino v. Celanese Corp., 701 F.2d 397, 407 (5th Cir. 1983). It is important to note the standard for a summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, *and* (2) the movant is entitled to judgment as a matter of law.

### B. Retaliation Claim under § 1981

Weyerhaeuser sets forth four main arguments in support of the instant motion: (1) plaintiff failed to plead a retaliation claim pursuant to § 1981; (2) if Plaintiff properly enunciated a § 1981 retaliation claim, he cannot make the requisite prima facie showing; (3) even if Plaintiff meets his prima facie burden, he cannot rebut Weyerhaeuser's legitimate, non-discriminatory reasons for his termination; and (4) Plaintiff cannot show the purposeful discrimination necessary to prove a violation of § 1981. (Doc. 108). Each argument will be addressed in turn below.

#### 1. The pleading of a § 1981 retaliation claim

Weyerheauser alleges Plaintiff references § 1981 only as grounds for compensatory and punitive damages, not as the basis for discrimination, harassment, and retaliation. (Doc. 108 at 2). However, Plaintiff's complaint asserts the suit is "an action for declaratory and monetary relief for discrimination in employment in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, codified at 42 U.S.C. § 2000(e) *and 1981*." (Doc. 1 at 1) (emphasis added). Under these

circumstances, we find Plaintiff sufficiently stated a § 1981 claim and put Weyerhaeuser on notice of it. Thus, the Defendant fails on this argument.

### 2. The requisite prima facie showing

In order to establish a prima facie case for retaliation under § 1981, the plaintiff must provide evidence that:

(1) he was engaged in a protected activity;

(2) an adverse employment action occurred; and

(3) a causal link existed between the protected activity and the adverse action.

See Davis v. Dallas Area Rapid Transit, 383 F.3d 309, 319 (5th Cir. 2004).

In our ruling on Weyerhaeuser's first motion for summary judgment, we found Plaintiff's anonymous letter constitutes an opposition to Mr. Story's alleged harassment and is considered "protected activity." That analysis need not be duplicated here, but it is incorporated by reference. (Doc. 60.)

An adverse employment action is an "ultimate employment decision such as hiring, granting leave, discharging, promoting, and compensating." Foley v. Univ. of Houston Sys., 355 F.3d 333, 340 (5th Cir. 2003). Thus, Mr. Mitchell's termination in February of 2009 qualifies as an adverse employment action.

As mentioned above, the Supreme Court in Nassar, 133 S. Ct. at 2533, announced "but-for" as the definitive causation standard for Title VII retaliation cases. To show but-for causation, the Plaintiff must prove "the unlawful retaliation would not have occurred in the absence of the alleged wrongful

action or actions of the employer." Id. Using this standard, we have already dismissed Plaintiff's retaliation claim under Title VII. Today we address whether the same but-for causation standard should also apply to § 1981 retaliation claims.

We have not found, nor have the parties provided, any Fifth Circuit jurisprudence either adopting or denouncing the causation standard enunciated in Nassar for retaliation claims under § 1981.

The Eighth Circuit, however, addressed this issue in Wright v. St Vincent Health System, 12-3162, 2013 WL 5225214 at *4 (8th Cir. Sept. 18, 2013), and noted both Title VII and § 1981 provide a cause of action when employers retaliate against an employee for opposing racial discrimination. Although each statute prescribes "separate, distinct, and independent" remedies for unlawful retaliation, the elements of Title VII and § 1981 retaliation claims "are identical." Id. (additional citations omitted). Since the elements of these claims do not differ, and the Supreme Court applied a but-for causation standard under Title VII, the Wright court found the same test "logically" must be met under § 1981. Id. at n. 5.[2]

---

[2] The Eastern District of New York also applied but-for causation to retaliation claims under § 1981. Henry v. Nassau Health Care Corp., 08–2398, 2013 WL 5537125, at *11 (E.D.N.Y. Oct. 7, 2013) (dismissing § 1981 retaliation claim because a Title VII retaliation claim was already dismissed). Similarly, the Eastern District of Louisiana dismissed a retaliation claim under § 1981 under the same but-for standard. Stewart v. Sodexo Remote Site P'ship, 2013 WL 4519332, at *10 (E.D. La. Aug. 23, 2013).

We agree with and adopt this reasoning. Thus, applying a but-for causation test, and on the basis previously enunciated in dismissing Plaintiff's Title VII retaliation claim, we conclude the undisputed facts demonstrate Plaintiff's action for retaliation under § 1981 must also fall. (Doc. 106 at 2).[3] In light of this decision, Weyerhaeuser's remaining arguments, conditioned upon the Plaintiff's establishment of a prima facie case, need not be addressed.

III. Conclusion

For the foregoing reasons, we find Defendant has shown there is no genuine dispute as to any material fact concerning Plaintiff's remaining claim for retaliation, and Defendant is entitled to judgment as a matter of law. Accordingly, Defendant's Motion for Summary Judgment (Doc. 109) will be **GRANTED** and this suit will be **DISMISSED WITH PREJUDICE**. Additionally, the Motion to Strike (Doc. 89) will be **DENIED AS MOOT**.

SIGNED on this __15th__ day of March, 2014 at Alexandria, Louisiana.

Dee D. Drell, Chief Judge
United States District Court

---

[3] Indeed, Plaintiff "concedes the evidence is insufficient to establish the 'but for' causation element required for Title VII claims." (Doc. 111 at 1).

7