UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DONALD MITCHELL | CIVIL ACTION NO. 10-1240 |
| VERSUS | CHIEF JUDGE DEE D. DRELL |
| WEYERHAEUSER NR COMPANY | MAGISTRATE JUDGE JAMES D. KIRK |

MEMORANDUM RULING

Before the court is a motion by plaintiff, doc. #129, to review the Clerk's taxing of costs, doc.#128, and defendant's objection to the taxing of costs, doc. #131.

Following the granting of defendant's motion for summary judgment, defendant, as the successful party in this litigation, filed a motion for costs, doc. #120, in which it seeks an order that plaintiff pay certain costs incurred by it in connection with the defense of this case, including costs for copies of depositions, costs for serving subpoenas, and copying costs. Our Clerk's staff attorney reviewed the request and issued a "Clerk's Taxation of Costs", doc. #128. Plaintiff objects to some of the costs assessed by the Clerk. Weyerhaeuser objects to the Clerk's refusal to assess as costs its costs of making copies.

Generally, a prevailing party should be allowed costs. Fed. R. Civ. P. 54(d)(1). The costs allowable are set forth in 28 U.S.C. §1920.

First, plaintiff objects to the assessment of costs for the deposition transcript of Martco, plaintiff's subsequent employer, and suggests that the deposition was merely a discovery deposition and was not used in support of the motion for summary judgment filed by defendant. However, costs

related to the taking of depositions are allowed under the statute if the materials were necessarily obtained for use in the case. Stearns v. FMC Corp., 170 F.3d 518, 536 (5th Cir. 1999). The declaration of defendant's attorney, Mr. Fagan, establishes that the deposition of plaintiff's subsequent employer was obtained for use in the case. The fact that it might have been a discovery deposition is irrelevant as long as it might have been used for trial or trial preparation. The deposition was clearly related to this case.

Second, plaintiff objects to the assessment as costs of the expenses of private process servers to serve subpoenas. In the absence of exceptional circumstances, generally, the cost of private process servers should not be allowed. Cypress-Fairbanks Ind. Sch. Dist v. Michael, 118 F.3d 245, 257 (5th Cir. 1997)However, in this case most of the costs submitted were for $75 per subpoena; it is hard to imagine a manner of serving subpoenas that would cost less. Defendant's plant is located near Natchitoches. Martco is in Alexandria, and defendant's attorneys are in New Orleans. It was reasonable to utilize the services of a private process server and, because under the circumstances including the distances involved, any other method of service would likely have cost even more, I find that exceptional circumstances existed requiring the use of the private process servers. However, plaintiff particularly objects to the cost associated with the service on Mr. Gordon, a former Weyerhaeuser employee. In addition to Mr. Fagan's declaration, he points out in brief that Gordon was a material witness and was one of the persons named in plaintiff's complaint. His exact whereabouts were unknown and therefore he had to be located and served in a rural area (Frierson Louisiana). I find that exceptional circumstances exist and that use of a private process server was appropriate.

Defendant, Weyerhaeuser, contests the Clerk's denial of copy costs as an item of taxable cost.

Before the court can tax copies as costs it must find that the copies for which costs are sought were necessarily obtained for use in the litigation. Studiengesellschaft Kohle v. Eastman Kodak, 713 F.2d 128, 133 (5th Cir. 1983); Stearns, supra; Ernst v. Sunbelt Rentals, Inc., 122 Fed. Appx. 722 (5th Cir. 2004). However, as with depositions, the copies need not have been actually introduced into evidence in order to be taxable.

Again, Mr. Fagan's declarations attest that the copies were for use in the case. The cost charged by his law office per page is 10 cents, well below the maximum allowed of 25 cents. Fagan describes what the copied documents were and it appears that all were related to this case. See Copy Cost Detail Chart attached as exh. 5 to doc. #123. Plaintiff has not shown otherwise.

For the foregoing reasons, The plaintiff's challenge to the court's taxation of costs, doc. #129, is DENIED. The defendant's objection to the Clerk's taxation is GRANTED and the Clerk's Taxation of Costs, doc. #128, is amended to add Weyerhaeuser's copy costs in the amount of $1,141.76 as a recoverable item of costs.

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this 6th day of February, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE